## CROMWELL v. HILLSBOROUGH TP., SOMERSET COUNTY, N. J., et al.

### Civil Action No. 1665.

District Court, D. New Jersey.

April 28, 1943.

Pitney, Hardin & Ward, by Shelton Pitney, and William J. Brennan, Jr., all of Newark, N. J., for plaintiff.

Clarkson A. Cranmer, of Somerville, N. J., and Kessler & Kessler, by Samuel I. Kessler, and Cox & Walburg, by Harry E. Walburg, all of Newark, N. J., for defendants.

FAKE, District Judge.

The plaintiff seeks to file an amended and supplemental complaint in the above entitled cause, bringing in certain additional defendants and seeking to hold them liable in compensatory as well as punitive damages for their alleged fraudulent conduct in aiding and assisting in the causing of certain personal property tax assessments to be officially entered against the plaintiff.

The original complaint was filed under the Declaratory Judgment Act, 28 U.S.C.A. § 400, wherein plaintiff sought no relief other than a declaration by this court bearing upon the validity of the same assessments as those recited in the proposed amended complaint.

■ If the amendment is allowed a paradoxical situation may result with its attendant confusion. The declaratory judgment proceeding is comparatively new in our field of jurisprudence and when limited to its design and purpose affords a very useful and desirable method of fixing the rights of the parties, avoiding as it does, more protracted litigation and making the way of individual effort and enterprise more certain. In the instant case, however, the court is asked to sanction amendments which would blend the modern Declaratory Judgment proceeding with the time honored and well defined action of Fraud and Deceit, in which damages are sought against additional parties defendant who are brought into the case. While such an amendment may be permissible under the modern practice, surely it should not be favored in the absence of the certainty of some beneficial procedural result, nor should it be permitted where serious confusion may result.

As has been said, the original complaint seeks no coercive or mandatory relief. It alleges that certain tax assessments levied against the plaintiff were occasioned by frauds perpetrated upon her and she also complains that she has been discriminated against in the entry of the assessments. The fraudulent acts recited in the amended complaint, wherein she seeks money damages against additional defendants, are exactly the same as those alleged in the original complaint wherein no damages whatever are sought and she seeks merely to have the assessments declared void.

Assume, for example, that the parties, who alone are involved in the question of the validity of the assessments, consent to a trial of the facts involved in the alleged frauds without a jury and the court makes findings thereon as bearing upon validity. Then assume that the facts involved in the alleged frauds, as bearing upon the additional defendants and incidental money damages, goes to a jury and the jury upon the same facts comes in with findings directly in conflict with those of the court. Here we have the paradox and a scramble to maintain either the dignity of the court or the sanctity of the jury. Again, assume that some of the additional defendants have defenses in conflict with the others and feel that they should be severed from the others at the trial. While this might arise as well in a separate suit as when grafted on a Declaratory Judgment proceeding, it tends, I think, to more confusion when so joined and multiplies the opportunities for paradoxical situations which should be avoided in advance wherever possible.

I will allow the amendments however if all the parties submit to trial by jury as to the frauds alleged; the jury's findings to be binding on the court; or in the alternative, if all the parties submit to trial by the court without a jury, but the proposed amendments will not be allowed unless all the parties involved enter into a stipulation on or before May 10th, next, bearing upon the trial of the facts and eliminating the possibilities of the evils above mentioned.